STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
MICHELLE LO (NYBN 154284)
Chief, Civil Division
VALERIE E. SMITH (NYBN 5112164)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6985
    FAX: (415) 436-6748
    Valerie.smith2@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONY DAVID MURCIA CASTILLO,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br>DOES 1-30,<br><br>    Defendant. | CASE NO. 21-cv-04720 (SBA)<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

Plaintiff's asserted basis for the Court's subject matter jurisdiction is the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The parties know of no issues regarding personal jurisdiction or venue. Defendant United States of America has been served.

2. **FACTS**

**PLAINTIFF'S STATEMENT**

Plaintiff alleges that on October 18, 2019, Postal Service employee Yan Fang Lin, negligently attempted a left turn from a driveway at the San Anselmo Post Office, causing a collision with a vehicle

in which Plaintiff was a passenger. The Complaint seeks recovery of damages according to proof, in an amount to be determined, to compensate Plaintiff for his past and future medical expenses, past and future wage losses, lost earning capacity, and general damages.

**DEFENDANT'S STATEMENT**

This FTCA case against the United States arises out of an October 18, 2019 motor vehicle accident involving a Postal Service vehicle operated by a federal driver acting in the scope of her employment and a box truck operated by Efson Lincaes de Leon and in which Plaintiff was a passenger. De Leon and Plaintiff were reportedly on the job at the time of the accident. De Leon did not claim injuries as a result of the accident. Although Plaintiff did not immediately seek treatment for any injuries, he later did, and filed a worker's compensation claim. Both Plaintiff and the State Compensation Fund filed administrative claims with the Postal Service, and those claims have now been denied. The United States questions liability for the accident and causation for the injuries claimed by Plaintiff. The United States also questions whether worker's compensation may be the exclusive remedy for Plaintiff's alleged injuries, suffered in the course of his employment

3. **LEGAL ISSUES**

   1) Whether the USPS driver was negligent.
   2) Whether de Leon was negligent or comparatively negligent and, therefore, whether he or his employer is responsible for all or part of Plaintiff's injuries and damages.
   3) Whether plaintiff suffered any damages as a result of the incident complained of and, if so, the extent of those damages.
   4) Whether workers compensation is the exclusive remedy for Plaintiff.
   5) Whether Plaintiff failed to mitigate his damages.

4. **MOTIONS**

There are no prior or pending motions. At this time, Defendant does not anticipate filing a motion for summary judgment; however, Defendant reserves the right to do so should the need arise. If the case proceeds to trial, then the parties will likely file motions *in limine*.

5. **AMENDMENT OF PLEADINGS**

Neither party anticipates amending the pleadings at this time, although both parties reserve the right to do so. Defendant proposes October 14, 2021 as the deadline to amend the proceedings and Plaintiff proposes December 31, 2021.

6. **EVIDENCE PRESERVATION**

Both parties hereby certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and hereby confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **DISCLOSURES**

The parties anticipate exchanging initial disclosures required by Fed. R. Civ. P. 26(a) by no later than October 7, 2021.

8. **DISCOVERY**

Discovery has not yet begun. The parties, at this time, propose no limitations or modifications of the discovery rules, including the 25-interrogatory limit under Fed. R. Civ. P. 33 and the 10-deposition limit under Fed. R. Civ. P. 30.

Plaintiff anticipates serving written discovery including interrogatories, document requests, and perhaps requests for admissions. Plaintiff also plans on taking depositions, likely to include depositions of Yan Fang Lin, a PMK (to include testimony issues of employment, ownership of the postal vehicle, and the existence of evidence relating to the accident), and Defendant's retained experts (if any).

Defendant requested Plaintiff execute HIPAA releases for his medical providers for injuries claimed as a result of the Incident alleged in the Complaint. Defendant anticipates serving written discovery and deposing witnesses. These witnesses may include, but are not limited to, Plaintiff, the police officers who reported on the subject accident, witnesses to the subject accident, and Plaintiff's treating

medical providers. Defendant also anticipates serving subpoenas for Plaintiff's medical, billing and/or wage records, worker's compensation records, and noticing an independent medical examination ("IME") of Plaintiff. Defendant reserves the right to seek additional discovery that falls within the bounds of the discovery scope and limits set forth in Fed. R. Civ. P. 26.

Both parties anticipate disclosing expert witnesses and taking expert discovery.

9. **CLASS ACTIONS**

Not applicable.

10. **RELATED CASES**

Not applicable.

11. **RELIEF**

**PLAINTIFF**

Plaintiff seeks damages according to proof at trial, plus costs.

**DEFENDANT**

Defendant seeks dismissal with prejudice and/or judgment in its favor, plus costs. Defendant contends that general and special damages should be calculated according to proof if liability is established, with an appropriate deduction for any comparative fault/negligence and failure to mitigate. Defendant further contends that Plaintiff may not recover any sum in excess of the amount of the claim presented to the administrative claim. *See* 28 U.S.C. § 2675(b)

12. **SETTLEMENT AND ADR**

The parties have not engaged in any ADR efforts since this action was filed. The parties request to be referred to a settlement conference before a magistrate judge before January 31, 2022. If the

settlement conference is fruitless, the parties will consider the possibility of further ADR efforts, including private mediation.

The key discovery necessary to position the parties to negotiate a resolution is as follows:

Plaintiff would like to conduct at least an initial round of written discovery, and perhaps take depositions of Yan Fang Lin and a PMK, prior to the settlement conference.

Defendant would like to conduct written discovery, subpoena Plaintiff's medical and billing records, obtain documentation related to any claim for compensatory damages, depose Plaintiff, and conduct Plaintiff's IME.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

On July 2, 2021, Plaintiff declined to have all further proceedings conducted in front of a magistrate judge. (ECF 5).

14. **OTHER REFERENCES**

None at this time.

15. **NARROWING OF ISSUES**

The parties will work together to narrow the issues in dispute through stipulations or requests for admission to expedite presentation of evidence at trial.

16. **EXPEDITED TRIAL PROCEDURE**

The parties do not request or believe that this case is suitable for the Expedited Trial Procedure of General Order 64 Attachment A.

17. **SCHEDULING**

The parties propose that they meet and confer regarding the schedule in this case and submit a stipulation and proposed order setting trial and trial-related dates to the Court two weeks after their ADR session.

18. **TRIAL**

The parties anticipate that trial will last 3 to 4 days. Under the FTCA, Plaintiff's claims are subject to a bench trial.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-15, Plaintiff certifies that as of this date, other than the named

parties, there is no interest to report, except insofar as the workers' compensation carrier, State Compensation Insurance Fund (SCIF), may be considered to be a non-party interested entities or person by virtue of a potential lien claim.

Defendant is exempt from this requirement as a federal government entity pursuant to Civil Local Rule 3-16.

20. **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **OTHER**

The parties have identified no other matters at this time that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: September 16, 2021            Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

By:    /s/ *Valerie E. Smith*
VALERIE E. SMITH
Assistant United States Attorney
Attorney for Defendant

DATED: September 16, 2021            WELTIN, STREB, & WELTIN, LLP

By:    /s/ *Michael Villeggiante**
MICHAEL VILLEGGIANTE
Attorneys for Plaintiff

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that counsel for Plaintiff has concurred in the filing of this document.*

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
21-CV-4720 SBA

# **CASE MANAGEMENT [PROPOSED] ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT JUDGE ARMSTRONG

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
21-CV-4720 SBA