```
STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
VALERIE E. SMITH (NYRN 5112164)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6985
    FAX: (415) 436-6748
    valerie.smith@usdoj.gov
```

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RONY DAVID MURCIA CASTILLO<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Docket No. 21-CV-04720 SBA<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND ORDER AS MODIFIED** |

IT IS HEREBY STIPULATED by and between the undersigned Plaintiff and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

WHEREAS, Plaintiff filed the above-captioned action on June 21, 2021;

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, in this action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, the Parties agree as follows:

1. **Agreement to Compromise Claims.** The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the United States Postal Service, and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Amount.** The United States of America agrees to pay the sum of EIGHTY FIVE THOUSAND DOLLARS ($85,000) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or Plaintiff's guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Release.** Plaintiff and Plaintiff's guardians, heirs, executors, administrators or assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and Plaintiff's guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or Plaintiff's guardians,

heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

5. **Dismissal**.  In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed with the Court within five (5) business days of receipt by Plaintiff's attorney of the Settlement Amount.

6. **No Admission of Liability**.  This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and the United States specifically denies that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**.  It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**.  It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**.  The signatories to this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by Plaintiff's attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights Plaintiff may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Check.** Payment of the Settlement Amount will be made by check for EIGHTY FIVE THOUSAND DOLLARS ($85,000) and made payable to "Weltin, Streb, & Weltin, LLP, in trust for Rony Murcia Castillo". The check will be mailed to Plaintiff's attorneys at the following address: "Michael Villeggiante, Weltin, Streb, & Weltin, LLP, 1432 Martin Luther King Jr Way, Oakland, CA 94612". Plaintiff's attorney agrees to distribute the settlement proceeds to the Plaintiff. Plaintiff and Plaintiff's attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more to process from the date that this Agreement is executed by all the signatories.

12. **Tax Liability.** There shall be no withholding from this amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service, and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the relevant tax authorities. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Treasury Offset Program.** Nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and Plaintiff is executing this Agreement without reliance on any

representation by Defendant as to the application of any such law. Accordingly, the United States may offset against the Settlement Amount Plaintiff's delinquent debts to the United States, if any. *See Astrue v. Ratliff,* 560 U.S. 586 (2010).

14. **Choice of Law and Venue.** This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Northern District of California.

15. **Construction.** Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof, and enters into this Agreement knowingly and voluntarily. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16. **Severability.** If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

17. **Integration.** This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

18. **Execution in Counterparts.** It is contemplated that this Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

19. **Outstanding Liens.** Plaintiff does not need to reimburse the United States for the government's purchase of the State Compensation Insurance Fund worker's compensation lien rights

or for the amount of any right to repayment based on that lien. As part of this agreement, the United States agrees that such lien rights are waived as to itself and as to all successors in interest in such lien rights, and that any obligations that Plaintiff may have to the United States based on such lien are discharged in full. Plaintiff is solely responsible for satisfying any worker's compensation claim or lien for benefits paid by the State Compensation Insurance Fund, to the extent any other claims or lien rights are held by a person or entity other than the United States or any successors in interest to the lien rights purchased by the United States. Plaintiff is likewise solely responsible for satisfying any and all other outstanding liens relating to the subject matter of this action, including but not limited to liens for any additional medical treatment not already paid by workers' compensation and any outstanding attorneys' liens. Plaintiff shall indemnify Defendant from any liability Defendant may incur from any lien claimant arising out of Plaintiff's failure to satisfy outstanding lien(s).

DATED: 7/7/2022

_____
Plaintiff

DATED: 7/7/2022

_____
Mike Villeggiante, Esq.
Weltin, Streb, & Weltin, LLP
Attorneys for Plaintiff

STEPHANIE M. HINDS
United States Attorney

DATED: 7/8/22          By: _____
Valerie E. Smith
Assistant United States Attorney
Attorney for Defendant

**ORDER AS MODIFIED**
STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE ORDER
No. 21-CV-04720 SBA                                  6

Stipulation of dismissal to be filed within 60 days of the date this order is entered.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 8/2/2022

*Saundra B. Armstrong* RS

Richard Seeborg for Saundra B. Armstrong
United States District Judge